### West v. West.

*Sheriff's sale — Execution — Advertisement—Description of real estate—Setting aside sale.*

1. The advertisement of a sheriff's sale of real estate must state who was the owner or reputed owner of the premises.

2. Where real estate is to be sold at sheriff's sale, the owner is entitled to have it advertised so as to show the special use to which it was adapted and for which it had been used.

3. If this has not been done, the sale will be set aside.

Exceptions to confirmation of sheriff's sale. C. P. Allegheny Co., Oct. T., 1923, No. 202, *Fi. Fa.*

*Griffith & Kennedy,* for plaintiff; *A. M. Neeper,* for exceptant.

SHAFER, P. J.—The Radio-X Sanatorium, being the owner of the premises levied on and in possession thereof, excepted to the confirmation of the sale herein, first, because the advertisements did not state who was the owner or reputed owner of the premises; and, second, because the building on the property is fitted up and has been used and known to the public as a sanatorium, and was not so described in the advertisements.

From the depositions taken in support of these exceptions, it appears that the property has been used for some time as a sanatorium, that it was known to the public as such, and that it was fitted up with a variety of apparatus, not merely personal property, which was of use for that purpose. The sheriff's hand-bills and advertisements describe the property as having thereon erected a two and a half-story brick dwelling-house. We are clearly of opinion that the owner of the property is entitled to have it advertised so as to show the special use to which it was adapted and for which it had been used, and that when that was not done, the property was not properly described.

We do not deem it necessary under the circumstances to discuss the other exception as to the failure to name any person expressly as owner or reputed owner. The exceptions are, therefore, sustained and the sheriff's sale set aside.

From Edwin L. Mattern, Pittsburgh, Pa.